**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5024**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JEREMY ALEXANDER DOE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:08-cr-00072-BO-1)

Submitted:  April 20, 2009             Decided:  May 11, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Mark Herring, WHITE & ALLEN, P.A., Kinston, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Robert J. Higdon, Jr., Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Alexander Doe pled guilty to armed bank robbery (Count 1) and use and carry of a firearm during a crime of violence (Count 2). He was sentenced to 180 months of imprisonment for Count 1 and a consecutive term of 84 months for Count 2. On appeal, Doe only contests the extent of the district court's upward departure for his sentence on Count 1. For the reasons that follow, we affirm.

Doe's advisory Sentencing Guidelines range, as calculated in his presentence report, was 57 to 71 months. At sentencing, the district court imposed an upward variance sentence of 180 months, based on its perception of the violence inherent in Doe's instant bank robbery (where he held a pistol to a bank employee's head), the two bank robberies with which he was charged in Connecticut (where he also held a gun to an employee's head in one instance), and his involvement in the violent assault and branding of a fellow inmate while awaiting his sentencing. According to information discussed at the sentencing hearing, Doe beat the victim in the face while two other inmates restrained him, acted as a lookout while the other inmates used a heated toothpaste cap to brand circles into the victim's forehead, and then spread baby powder to hide the smell of the burning flesh. Because the branding alerts other

2

"Bloods" gang members to attack or even kill the victim, the branding targets the victim for further violence.

Under these circumstances, we do not find that the district court's sentence was unreasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (stating standard); United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (applying reasonableness standard in upward variance sentencing), cert. denied, 129 S. Ct. 476 (2008). Accordingly, we affirm. We dispense with oral argument as the arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED